No. 68757.—Miller Hays Co., Inc. v. United States, protest 62/7628 (Los Angeles).

FORD, Judge: The merchandise covered by this protest was described on the invoice as "Jet Air Curtain with dampers and with permanent conduit connections as previously supplied Electric motors 110 volt. 60 cycles, A.C. single phase, tropic proofed." The collector of customs classified the jet air curtains under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and assessed duty thereon at the rate of 17½ per centum ad valorem, which rate covers electric blowers and fans.

It is the position of plaintiff herein that said merchandise is more than a blower or a fan and is, therefore, properly subject to duty at only 13¾ per centum ad valorem under the catchall provision of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The pertinent portions of the provisions involved herein are as follows:
Paragraph 353, Tariff Act of 1930, as modified by T.D. 51802:

* * * and articles having as an essential feature an electrical element or device, such as electric motors, fans, * * * all the foregoing (not including electrical wiring apparatus, instruments, and devices), finished or unfinished, wholly or in chief value of metal, and not specially provided for:

    * * * fans, blowers; * * *_____ 17½% ad val.

Paragraph 353, as modified by T.D. 52739:

Articles having as an essential feature an electrical element or device, such as electric motors, fans, * * * wholly or in chief value of metal, and not specially provided for:

   *     *     *     *     *     *     *

    Other (except the following: blowers; * * * fans; * * *)_ 13¾% ad val.

The record herein consists of the stipulation entered into, by and between counsel for the respective parties, that the imported merchandise is an article having as an essential feature an electrical element or device, as well as the testimony of one witness called on behalf of plaintiff, and a photograph of an installation of the imported merchandise which was received in evidence as plaintiff's exhibit 1. The witness called on behalf of plaintiff, Mr. Wilson L. Young, gave the following description of the operation of the imported unit (R. 12):

The unit is mounted above a doorway, and blows a 3" curtain of air across the opening in the door down to the floor, and if the inside room is a cold room, cool air is heavy, it goes down to the floor. When cold air comes out of the bottom, the same amount of warm air will go in the top of the door, because the cold air, when it comes out it has to pull something in to take its place. The third section of the door, the middle part air, does not move, and we blow this curtain of air across the opening at a precise amount of velocity that makes the cold stay in and the heat stay out.

Mr. Young further testified that the jet air curtain accomplishes the above operation by use of a motor inside the housing which has two plates with fan blades attached to it; that as it turns it compresses the air in the unit and forces it out the nozzle to make the air curtain; and that the imported device has nothing to do with air conditioning nor does it create any heat or cool air.

Plaintiff contends that even if the jet air curtain includes a fan or blower, the mechanical features of the imported merchandise make it more than either a fan or a blower.

The case of *United States* v. *The A. W. Fenton Company, Inc.*, 49 CCPA 45, C.A.D. 794, is relied upon by plaintiff herein. In the *Fenton* case, *supra*, certain electric motors and gear assemblies designed for use in Hoover electric floor polishers were excluded from the provision for motors under paragraph 353 of the Tariff Act of 1930, as modified. The court therein indicated that, since the item involved contained more than a motor and was designed and dedicated to one particular use, it would be improper to classify it under the provision for motors since it would expand that term.

Defendant herein takes the position that the imported articles are merely fans or blowers and fall within the purview of the common meaning of these terms as set forth in various encyclopedias and dictionaries.

The function of the jet air curtain as described by the witness and an examination of plaintiff's exhibits 1 and 2 clearly establish the use of said article to be that of a fan or blower. It is a matter of common knowledge, of which the court may take judicial notice, that fans and blowers are made in a variety of sizes and shapes and are designed for various uses, i.e., rotating fans, exhaust

fans, window fans, floor fans, etc. The imported merchandise, in our opinion, is a blower which is designed to force the air compressed within through a nozzle for the particular purpose of the jet air curtain.

In view of the foregoing, we are of the opinion that the classification by the collector is correct, and the protest is, accordingly, overruled, Judgment will be entered accordingly.